IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENÉ MATA, Individually and as Parent
and Next Friend to Franciso Mata, a minor;
JUAN MATA; and GREGORIA MATA,

    Plaintiffs,

v.                                              Civ. no. 04-1334 ACT/RLP

MIKE BRISENO, an Officer of the Farmington
Police Department, individually, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the court on Plaintiff Gregoria Mata's First Motion to Compel Responses to Her First Set of Requests for Admissions to Defendant Briseno. The pertinent parties will be referred to hereafter as Mata and Briseno. Mata contends that Briseno improperly objected to all but one of her Requests for Admission (RFA), filed pursuant to Fed.R.Civ.P. 36 and seeks sanctions therefor pursuant to Fed.R.Civ.P. 37. Briseno counters that Mata seeks inadmissible, irrelevant and prejudicial material and that the objections are substantially justified pursuant to Fed.R.Civ.P. 37(a)(4)(A). Mata requests an order compelling Briseno to admit; Briseno argues the motion should be denied.

Rule 36(a) allows parties to submit RFA concerning the truth of any matters within the scope of Rule 26(b)(1). Rule 36(b) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The purpose of Rule 36 is to assist the parties in narrowing issues for trial by eliminating the necessity of proving undisputed factual matters. *Keen v. Detroit*

*Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978).

In general, Rule 36 allows inquiry into any matter that is relevant and not privileged. *See* Rule 26(b)(1). Accordingly, denials to RFA should *not* be made on the basis of general discovery or evidentiary objections. "Admissions established under Rule 36 may be offered into evidence at the trial of the action, but they are subject to all pertinent objections to admissibility that may be interposed at trial." 7 *Moore's Federal Practice*, § 36.03[2] (Matthew Bender 3d ed.).

In this case Mata submitted five RFA to Briseno, four of which were objected to. The first RFA asked Briseno to "[a]dmit that you were accused of misconduct while you were employed as a police officer in the State of California." Briseno objected on the grounds that the admission was "not reasonably calculated to lead to the discovery of admissible evidence" and that such questions are not relevant or admissible. The only proper objection to this RFA is that the evidence is not relevant to any of the issues in the case.

Mata argues that the RFA is relevant to establish municipal liability. A mere accusation by a prior employer, without more, is insufficient to establish such liability. Moreover, such a question, without more, would be improper at trial and is akin to the unjustifiable query, "are you still beating your wife?" *See Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D. Pa. 1960) (party cannot request what he cannot ask at trial). And, as also stated by that court,

> we observe that if a party is compelled to answer vague and indefinite questions capable of more than one interpretation, and which in fairness to either party require an explanation,

> then one of the purposes of [Rule 36] is immediately thwarted, since at the trial a great deal of the necessary time devoted to determining the issue would be taken up with explanations of answers to improper questions.

*Id*. at 45.

Request No. 2 asks Briseno to admit that a judge found that Briseno searched a vehicle without consent; Request No. 4 asks him to admit that the same judge found Briseno's testimony not credible; and Request No. 5 asks about the same finding by another judge in another case. All of these RFA are objected to on evidentiary grounds.

The foregoing RFA are not as objectionable because the admissions, if the matters are to be admitted, may be relevant at trial for a variety of reasons. This court simply cannot say at this juncture whether such evidence would be admissible. And because this court was not provided with any documentation that the aforementioned judges did find as so stated by Mata, the court cannot order Briseno to admit the RFA. Nevertheless, the requests, as submitted, appear to require only a yes or no answer and therefore Briseno will be ordered to submit his answer to the requests within five (5) days of entry of this order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's First Motion to Compel Responses to Her first Set of Requests for Admission to Defendant Briseno [Doc. 17] is granted as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge

3