IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORIA MATA, *et al.*,

    Plaintiffs

v.                                              Civ. No. 04-1334 ACT/RLP

MIKE BRISENO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiffs' Motion to Enlarge Discovery, which is opposed by Defendants.  For the reasons set forth below, the motion is denied.

The Initial Pretrial Report [Doc. 12], entered on March 4, 2005, set the end of discovery on August 1, 2005 and that Report states that discovery will not be reopened except upon order by the court upon a showing of good cause.  Plaintiffs' Motion to Enlarge was filed on August 25, 2005, 24 days **after** discovery ended.

Motions for enlargement are governed by Fed.R.Civ.P. 6(b).  Motions made after the expiration of the time ordered by the court are governed by Rule 6(b)(2), which provides that the court may, in its discretion, and upon a showing of "excusable neglect," grant the motion and enlarge the deadlines.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993) the Court identified four factors to determine excusable neglect in light of the surrounding circumstances:  (1) the danger of prejudice to the other side; (2) the length of delay and its potential impact upon the proceedings; (3) the reason for the delay and whether it was in control of the party; and (4) whether the movant acted in good faith. *Id.* at 495-95.

Control over the circumstances of the delay is "perhaps the most important single factor in determining whether the neglect is excusable." *City of Chanute, Kansas v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995).

Plaintiffs offer no reason whatsoever for their failure to file the Motion to Enlarge Discovery prior to the August 1, 2005 deadline.  Instead they argue in their Reply that "Plaintiffs' [two] attorneys have been weighed down by the amount of information they must sift through as a result of the myriad criminal prosecutions of Plaintiffs.  Reply [Doc. 48] at 4. This is apparently in reference to Defendants contention, which is not denied, that "Plaintiffs have served exactly *zero* interrogatories, *zero* requests for production, and have taken *zero* depositions."  Response Brief [Doc. 36] at 2.

Even if this motion were to be construed under Fed.R.Civ.P. 16, which allows the court to modify the scheduling order upon a showing of "good cause," the result would be the same. "Good cause" under Rule 16 requires a showing of diligence upon the party requesting relief. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).  There is no indication of the exercise of diligence in this case.  As stated by one court, the "'Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"  *Hannah v. Roadway Express, Inc.*, 200 F.R.D. 651, 653 (D. Kan. 2001) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (Me. 1985).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion to Enlarge Discovery [Doc. 33] is denied.

Richard L. Puglisi
United States Magistrate Judge

2