IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENE MATA, Individually
and as Parent and Next Friend to
FRANCISCO MATA, a minor,
JUAN MATA, and GREGORIA MATA,

       Plaintiffs,

v.                                                          No. CIV 04 - 1334 ACT/RLP

MIKE BRISENO, an Officer of the
Farmington Police Department, Individually,
KENNETH CLAY RAYBORN, an
Officer of the Farmington Police
Department, Individually, DAVID MONFILES,
an Officer of the Farmington Police Department,
Individually, JERRY VIGIL, an Officer of the
Farmington Police Department, Individually,
and CITY OF FARMINGTON,  a Municipality
Entity Organized under the Laws of the
State of New Mexico and its subsidiary,
the Farmington Police Department,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER COMES before the Court on Defendants' Motion to Dismiss for Discovery Abuse or, in the Alternative for Sanctions. [Doc. No. 34].  The Court, having reviewed the Motion, the responsive pleadings, and the exhibits finds that the Motion to Dismiss for Discovery Abuse will be DENIED.  However, the Motion for Sanctions is GRANTED as further explained in this Order.  Plaintiffs are ordered to produce certain information, medical releases and physical evidence and Defendants are granted further discovery as explained in this Order.

Defendants have established that when Plaintiffs submitted their Initial Disclosures on May 19, 2005, they did not produce the names of their medical providers for the past five years, any medical records Plaintiffs might have had or medical releases. Nor did the Plaintiffs provide this information with their Supplemental Initial Disclosures on August 11, 2005. Local Rule, D.N.M LR-Civ. 26.3(d), Required Initial Disclosure, is very clear. "In all cases in which the physical or mental medical condition of a party is an issue ..." the disclosing party is required to make a good faith effort to produce the names of any healthcare provider that the party has seen in the past five years, all records from their healthcare providers that the parties may have and a signed medical release for each medical provider. Moreover, Fed. R. Civ. P. 26(e) requires that all parties are under a continuing duty to supplement their disclosures and discovery responses if a party learns that previously submitted information is incorrect or incomplete.

All four Plaintiffs have placed their alleged physical injuries in issue in their First Amended Complaint. They have asked for damages to compensate them for their medical bills, their personal injuries and their mental and emotional distress "of the type and variety that any person would be expected to suffer under like circumstances (also called 'garden-variety emotional distress')." [First Amended Complaint, Doc. No. 2]. Without a doubt, Plaintiffs were under a duty in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the District of New Mexico to disclose their medical providers for the past five years and to execute and deliver the releases specified in D.N.M LR-Civ. 26.3(d). Plaintiffs failed to do so. Moreover, there is no explanation in Plaintiffs' pleadings for this failure to comply with this most basic requirement of discovery.

In the First Amended Complaint Plaintiffs have asked for damages for their mental and

emotional distress describing this distress as garden-variety emotional distress, the type one would be expected to suffer under similar circumstances. Yet in their depositions, Plaintiffs have testified as follows:

1) Gregoria Mata testified that she has taken medication for depression as a result of the incident described in the First Amended Complaint. The medication was prescribed for her by her medical provider in early 2003.

2) Juan Mata testified that he takes Zoloft on a daily basis to treat post-traumatic stress disorder with which he was diagnosed in late 2002. He testified that his post-traumatic stress disorder was a result of the incident described in the First Amended Complaint. He has seen a mental health provider at least three times.

3) Rene Mata testified that he is seeking emotional distress damages for the "emotional pain and suffering and the mental anguish that I have to deal with probably for the rest of my life." [Ex. H, Doc. No. 35]. Rene Mata also testified that he sought counseling because of his mental anguish. He testified that his mental anguish is the result of the incident described in the First Amended Complaint.

4) Rene Mata testified that his son Francisco Mata is under tremendous stress from the incident complained of in the First Amended Complaint and that Francisco may need professional help to cope. Rene Mata also testified that Francisco sought counseling as well.

The Court concludes from the testimony of these three Plaintiffs and the description of Francisco's mental health by his father, that Plaintiffs are alleging more than garden-variety emotional distress. *See*, Bowen v. Parking Authority of the City of Camden, 214 F.R.D. 188, 192 (D.N.J. 2003); Javeed v. Covenant Medical Center, Inc., 218 F.R.D. 178 (N.D. Iowa 2001).

A plaintiff can put his physical or mental condition at issue either in the pleadings or by representations made in the course of the litigation.  Bowen, *supra*, at 192.  While the pleadings put the physical injuries allegedly suffered by the Plaintiffs in issue, the testimony of the Plaintiffs during the course of their depositions has now put their mental health injuries in issue as well.  Therefore, once the Plaintiffs testified as to mental distress that was more than the garden-variety emotional distress, as evidenced by their use of counseling and medications for depression, the Plaintiffs were under an obligation to supplement their Initial Disclosures so as to provide the names and addresses of their mental health providers as well as releases to allow Defendants access to their records from their mental health providers.

Defendants also assert that the Plaintiffs failed to disclose the existence of audio and video tapes of the incident complained of in the First Amended Complaint as well as other incidents involving the Plaintiffs and one or more of the Defendants.   Plaintiffs' Response states that: 1) the failure to disclose the existence of these tapes was inadvertent on the part of counsel because there was so many documents that needed to be disclosed or because both attorneys representing Plaintiffs work in small offices; and 2) at least one of Plaintiffs' attorneys was unaware of the tape(s) until the depositions of the Plaintiffs.  Plaintiffs' attorneys also assert that had Defendants sent a Request for Production, they would have "diligently searched for all documents responsive to those discovery requests."  [Doc. No. 47].

None of these "excuses" justifies the failure of Plaintiffs to disclose the existence of these video and audio tapes <u>at the time the Initial Disclosures were due</u>.  It is the responsibility of Plaintiffs' attorneys to ask their clients about Rule 26 Disclosures, not to hide behind mounds of paper and ignorance.  The Court finds that Plaintiffs were under an obligation to discover the

4

existence of these video and audio tapes at the time the Rule 26 Disclosures were due and were under a duty to include them in the Initial Disclosures. Moreover, Plaintiffs, through their attorneys, were under a continuing duty to discover all the relevant evidence that Plaintiffs may have had or been aware of and were under a duty to disclose the existence of that evidence by supplemental disclosures under Fed. R. Civ. P. 26(e).

This Court takes seriously the case management requirements of the Civil Justice Reform Act, 28 U.S.C. §471 et seq. The Act gives the Court control over its litigation and is designed to minimize delay so as to advance the ultimate disposition of litigation in a timely and judicious manner. This Court also believes that there should be consequences for the careless, inexcusable or willful failure of counsel to comply with the Rules of Civil Procedure and Court Orders establishing deadlines. However, since the trial of this case is not scheduled until March 6, 2006, the Court can address Plaintiffs' failures with a less severe sanction than dismissal without unduly prejudicing the Defendants.

Therefore, to remedy the Plaintiffs' inexcusable failure to provide the names and addresses of their healthcare providers, including mental health care providers, the failure to provide releases for medical records and their failure to disclose the existence of potentially relevant video and audio tapes prior to the depositions of Plaintiffs, the Court rules as follows:

1) The Motion to Dismiss the First Amended Complaint for Discovery Abuse will be DENIED, but,

2) Plaintiffs will produce the names, addresses, and telephone numbers of every medical provider that Plaintiffs have seen, including mental health providers, within the last five years. Plaintiffs will also produce the Releases designated as Appendix A, both forms, in the Local Civil

Rules for the District of New Mexico. This information and the Releases will be delivered to the Defendants within fourteen (14) calendar days of the date of the entry of this Order.

     3) If Plaintiffs fail in any respect to comply with the above numbered portion of this Order, they will be deemed to have waived their claims for any and all physical injuries, damages resulting from physical injuries, damages for emotional distress, and all medical expenses.

     4) Plaintiffs will produce copies to the Defendants of all known video and audio tapes that are relevant in any way to any of their claims or defenses within fourteen (14) calendar days of the date of the entry of this Order. Plaintiffs will pay for all copies of all physical evidence that may be produced - video tapes, audio tapes or photographs. If Plaintiffs fail to comply fully and completely with this portion of this Order, Plaintiffs will be precluded from using the video tapes, audio tapes or photographs as exhibits at trial.

     5) Defendants may have sixty (60) days from the date of the entry of this Order for additional discovery including, but not limited to, conducting depositions, if necessary, of the medical providers identified by the Plaintiffs in accordance with this Order. If Defendants choose to conduct depositions of the medical providers, those depositions will be limited to two hours each.

     6) If Defendants deem it necessary to take additional depositions or a supplemental deposition of a witness who has already been deposed following their review of the video tapes, audio tapes or photographs produced in response to this Order, any such depositions will be limited to one hour.

     7) Plaintiffs are ordered to pay the attorneys' fees that the Defendants expended in bringing the Motion to Dismiss for Discovery Abuse, including preparing the Reply. Defendants

will submit an affidavit of their attorneys' fees to the Court within ten (10) calendar days of the date of the entry of this Order. Plaintiffs will have ten (10) calendar days thereafter to respond to the Affidavit of attorneys' fees if they desire.

8) Plaintiffs are admonished that any further discovery abuse, even if inadvertent or due to negligent office procedures, will result in further sanctions and could very well result in the dismissal of this case.

IT IS SO ORDERED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE
PRESIDING JUDGE